# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>　　　　　　　Defendant. | **COMPLAINT**<br><br>Civil Action No. _____ |

## Introduction

1. This action seeks to compel U.S. Immigration and Customs Enforcement to respond to a Freedom of Information Act request regarding the written guidance the agency has provided to its attorneys about the performance of their duties. ICE's Office of the Principal Legal Advisor ("OPLA") has more than 1,300 attorneys and represents the Department of Homeland Security in over 1.7 million pending immigration court proceedings seeking the removal of noncitizens from the United States. On January 31, 2022, the American Civil Liberties Union of Massachusetts, Inc. ("ACLUM") submitted a public records request for OPLA's current guidance. In violation of the timelines prescribed by the FOIA, ICE has not responded.

## Jurisdiction and Venue

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

4. Plaintiff ACLUM is a Massachusetts non-profit corporation with its principal place of business in Boston, Massachusetts. ACLUM works to defend the civil liberties and civil rights of all people in Massachusetts, including through public education and engagement.

5. Defendant ICE is a component of DHS, a department of the executive branch of the U.S. government and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE is headquartered in Washington, DC. ICE has possession, custody, and control of the records that Plaintiff seeks.

## Factual Background

6. President Joseph R. Biden took office on January 20, 2021 and promised to "reset the policies and practices for enforcing civil immigration laws."[1]

7. ICE's Office of the Principal Legal Advisor is central to that promise.

8. OPLA is the largest legal program at DHS and employs more than 1,300 attorneys. OPLA attorneys provide legal advice to ICE across its operations.[2]

9. OPLA attorneys also serve as the exclusive representative of DHS in immigration court proceedings. Through approximately 25 Offices of Chief Counsel

---

[1] Executive Order 13993: Revision of Civil Immigration Enforcement Policies and Priorities, 86 Fed. Reg. 7051 (Jan. 20, 2021).
[2] *See* ICE Office of the Principal Legal Advisor, *Strategic Plan: 2022-2026* (Jan. 2022), ice.gov/doclib/about/offices/opla/oplaStrategicPlan2022-2026.pdf.

("OCC") located in cities around the country, OPLA attorneys are prosecuting more than 1.7 million cases seeking the removal of noncitizens from the United States.[3]

10.     OPLA issues written guidance that its attorneys must follow.

11.     OPLA uses these guidance documents to instruct its attorneys about the performance of their duties and to implement new or existing legal authority and changes to agency policy.[4]

12.     OPLA guidance significantly impacts immigration removal proceedings by steering the manner in which OPLA attorneys respond to—among other things—requests for prosecutorial discretion, claims of U.S. citizenship, and cases involving U.S. military veterans.[5]

## ACLUM's Request

13.     ACLUM submitted a FOIA request on January 31, 2022 seeking "[a]ny

---

[3] *See id.*; *see also* ICE, *OPLA Organizational Chart*, ice.gov/doclib/about/offices/opla/oplaOrgChart.pdf (last visited Mar. 16, 2022); ICE, *Field Legal Operations: Office of the Principal Legal Advisor* (Apr. 12, 2021), ice.gov/doclib/about/offices/opla/oplaMap.pdf; Transactional Records Access Clearinghouse (TRAC), *Immigration Court Backlog Tool*, trac.syr.edu/phptools/immigration/court_backlog/ (last visited Mar. 16, 2022) (registering 1.7 million pending immigration court cases across the United States).

[4] *See, e.g.*, Memorandum of John D. Trasviña, *Interim Guidance to OPLA Attorneys Regarding Civil Immigration Enforcement and Removal Policies and Priorities* (May 27, 2021), ice.gov/doclib/about/offices/opla/OPLA-immigration-enforcement_interim-guidance.pdf; *see also* Memorandum of Tracy Short, *Guidance to OPLA Attorneys Regarding the Implementation of the President's Executive Orders and the Secretary's Directives on Immigration Enforcement* (Aug. 15, 2017), prisonlegalnews.org/media/publications/ICE_memo_to_Office_of_the_Principal_Legal_Advisor_attorneys_2017.pdf; Memorandum of Peter S. Vincent, *Case-by-Case Review of Incoming and Certain Pending Cases* (Nov. 17, 2011), ice.gov/doclib/foia/prosecutorial-discretion/case-by-case-review-incoming-certain-pending-cases-memorandum.pdf.

[5] *See* Trasviña Memorandum, *supra* n. 4, at 6, 9 & nn. 16-17.

3

and all guidance to ICE OPLA and/or OCC attorneys that is currently in effect." ACLUM also requested a waiver of fees. *See* Ex. A.

14. ICE has not provided any response to the request.

## Claims for Relief

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552

15. The above paragraphs are incorporated by reference.

16. The FOIA requires ICE to respond to a request for records within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). ICE must, in response to a FOIA request, conduct a reasonable search for responsive records, release any non-exempt records or portions of records, and provide a lawful reason for withholding any records or portions of records.

17. ICE has violated the FOIA by failing to release any records responsive to the request, justify its failure to produce records, notify ACLUM of any determinations regarding its request, or, on information and belief, conduct a reasonable search.

18. In light of ICE's failure to respond to ACLUM's request within statutory time limits, ACLUM has exhausted all administrative remedies.

### COUNT II
### Declaratory Relief, 28 U.S.C. §§ 2201 and 2202

19. The above paragraphs are incorporated by reference.

20. Plaintiff is entitled to a declaration that ICE has violated the FOIA by failing to respond to ACLUM's request.

## **Prayer for Relief**

Plaintiff respectfully requests that the Court:

1. Declare that Defendant violated the FOIA, including by failing to conduct a reasonable search or provide responsive records.

2. Order Defendant to conduct searches reasonably calculated to uncover all records responsive to the request;

3. Order Defendant to produce forthwith all non-exempt records responsive to the request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

4. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request;

5. Award Plaintiff the costs of this proceeding, including attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 16, 2022                    Respectfully submitted,

<u>/s/ Adriana Lafaille</u>
Matthew R. Segal (BBO #654489)
Adriana Lafaille (BBO #680210)
Krista Oehlke (BBO #707566)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170 x 308
alafaille@aclum.org