| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 1 | 12, 124, 129, 432, 437, 439, 570, 601, 611 | Partial | **Description of the Records:** The cited bates pages contain internal agency group mailbox addresses. These group mailbox addresses are used for internal purposes only, to conduct agency work, including law enforcement activity, and serve no public function.<br><br>**Description of Redactions:** The information redacted under (b)(7)(E) located after before "@ice.dhs.gov" contains law enforcement sensitive internal group mailbox e-mail addresses.<br><br>**Reasons for Redactions:** FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques, procedures, or guidance, the disclosure of which could reasonably be expected to allow a person to breach into sensitive law enforcement systems. As an initial matter, the information contained in these records was compiled for a law enforcement purpose, specifically, ICE Officers, Special Agents and OPLA attorneys use internal email mailboxes to conduct their law enforcement duties. These email boxes contain and facilitate communications amongst ICE employees, ICE lawyers, ICE Officers and Special Agents, made to conduct and advance the ICE mission, which is to protect the United States from the cross-border crime and illegal immigration that threaten national security and public safety. The disclosure of the agency group mailbox addresses could aid unauthorized parties in gaining improper access to law enforcement systems, including through hacking, and assist in the unauthorized party's navigation of those systems. If this information were made public, it would increase the chances that bad actors could harm the agency and its law enforcement duties by attempting to hack ICE systems, such as through phishing scams, or by attacking ICE systems, such as through a brute force attack. Disclosure of the information, therefore, could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. The disclosure of this information serves no public benefit, is not commonly known, and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |
| 2 | 1, 11 | Partial | **Description of the Records:** A 2-page e-mail Broadcast Announcement, located on bates pages 1 and 11, titled "Broadcast Announcement: OPLA Operational Guidance Regarding Central American Resource Center v. Jaddou, No. 20-2363 (D.D.C. dismissed per stipulation Mar. 28, 2022)" dated Wednesday, April 20, 2022, that contains the header "**SENSITIVE** ATTORNEY WORK PRODUCT**ATTORNEY-CLIENT PRIVILEGE**" on bates page 1 and the footer "**SENSITIVE** ATTORNEY WORK PRODUCT**ATTORNEY-CLIENT PRIVILEGE**" on bates page 11. Bates page 11 also states "Questions about this guidance should be directed to OPLA FLO" and "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated with applicable guidance." The Broadcast Announcement is from an OPLA Deputy Principal Legal Advisor to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Announcement contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Announcement from the Deputy Principal Legal Advisor to Office of the Principal Legal Advisor (OPLA) attorneys regarding litigation strategy in light of a recent settlement agreement that impacts OPLA attorneys exercising prosecutorial discretion. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding the impacts of exercising prosecutorial discretion in certain immigration removal proceedings, how agency attorneys can exercise prosecutorial discretion in light of the settlement agreement, as well as what factors should be considered by the attorneys handling those litigations. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 3 | 12 | Partial | **Description of the Records:** An e-mail Broadcast Message, titled "Broadcast Message: DHS Position on Connecticut Pardons" dated Wednesday, March 24, 2022, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***". The bottom of the page also states "This message includes internal guidance provided for internal OPLA use only..." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent State legislative actions that could implicate the immigration consequences of a qualifying conviction. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new state legislative actions. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

**EXHIBIT 1**

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 4 | 16-18 | Partial | **Description of the Records**: An OPLA "Practice Pointers" case summary, titled "Matter of Velasquez-Rios, 27 I&N Dec. 470 (BIA Oct. 4, 2018) (A[REDACTED] - LOS) [Summary and Practice Pointers]" dated October 4, 2018. The Practice Pointers case summary was drafted by an Associate Legal Advisor with the OPLA Immigration Law and Practice Division (ILPD) and sent to all OPLA attorneys.<br><br>**Description of Redactions**: The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Practice Pointers case summary contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions**: ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from the OPLA Immigration Law and Practice Division (ILPD) to all OPLA attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) that could implicate the immigration consequences of a qualifying conviction. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 5 | 26-29 | Partial | **Description of the Records**: A 4-page e-mail Broadcast Message, located on bates pages 26-29, titled "Broadcast Message: Implementing Matter of L-E-A-, 28 I&N Dec. 304 (A.G. 2021), and Matter of A-B-, 28 I&N Dec. 307 (A.G. 2021)" dated Thursday, June 24, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA***" on bates page 26 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONL Y***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 29. Bates page 29 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any legal questions about this guidance, please do not hesitate to reach out to ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions**: The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions**: ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) that could implicate the immigration consequences of removal qualifications. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 6 | 30-33 | Partial | **Description of the Records**: A 4-page e-mail Broadcast Message, located on bates pages 30-33, titled "Broadcast Message: Implement ing Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021)" dated Thursday, June 3, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONL Y***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 30 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 33. Bates page 33 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any legal questions about this guidance or Niz-Chavez, please do not hesitate to reach out to ILPD (Niz-Chavez Discussion Board, ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions**: The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions**: ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision regarding Notices to Appear. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

*ACLUM v. ICE*
1:22-cv-10407-PBS

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 7 | 34-35 | | **Description of the Records:** A 2-page e-mail Broadcast Message, located on bates pages 34-35, titled "Broadcast Message: Implementing Pereida v. Wilkinson" dated Thursday, March 11, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 34 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 35. Bates page 35 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any questions about this guidance or Pereida, please do hesitate to reach out to ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision that could implicate the immigration consequences regarding the burden of proof on applicants for discretionary relief. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 8 | 36-37 | | **Description of the Records:** A 2-page e-mail Broadcast Message, located on bates pages 36-37, titled "Broadcast Message: Permanent Injunction Impacting Burden and Standard of Proof in INA 236(a) Bond Hearings -- Brito v. Barr, No. 19-11314, 2019 WL 6333093 (D. Mass. Nov. 27, 2019)" dated Monday, December 9, 2019, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 36 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 37. Bates page 37 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding the standard of proof for bond hearings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from the U.S. District Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 9 | 41-44 | Partial | **Description of the Records:** A 4-page e-mail Broadcast Message, located on bates pages 41-44, titled "Broadcast Message: Updated Guidance -- Matter of Negusie, 28 I&N Dec. 399 (A.G. 2021)" dated Thursday, December 16, 2021, that contains the header "****PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 41 and the footer "****PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 44.  Bates page 43 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about this guidance, or Negusie-related issues arise your case, please contact HRVLD or ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:**  The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:**   ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) regarding the persecutor bar.  The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to  prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 10 | 45-47 | Partial | **Description of the Records:**  A 3-page e-mail Broadcast Message, located on bates pages 45-47, titled "Broadcast Message: Guidance on Sensitive Gender-Based PSG Issues in EOIR and Circuit Court Litigation" dated Monday, March 7, 2022, that contains the header "****PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA***" on bates page 45.  Bates page 47 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any legal questions about this guidance, please do not hesitate to reach out to ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:**  The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:**    ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) regarding sensitive gender-based issues that may arise in Immigration and Circuit Court.  The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to  prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 11 | 48-50 | | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 48-50, titled "Broadcast Message: Impact of Borden v. United States, 141 S. Ct. 1817 (2021)" dated Friday, July 2, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 48 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 50. Bates page 49 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any legal questions about this guidance or Borden please do not hesitate to reach out to ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision regarding crimes that qualify as a violent felony. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 12 | 51-53 | | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 51-53, titled "Broadcast Message: Implementing Barton v. Barr, 140 S. Ct. 1442 (2020)" dated Friday, June 19, 2020, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 51 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 53. Bates page 53 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any questions about this guidance, Barton, or pre-order custody, please do hesitate to reach out to ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision regarding the stop-time rule. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 13 | 54-56 | | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 54-56, titled "Broadcast Message: Implementing Gayle v. Warden Monmouth Cnty. Corr. Inst. Within the Jurisdiction of the Third Circuit" dated Thursday, September 23, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 54 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 56. The bottom of bates page 55 and the top of bates page 56 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent U.S. Court of Appeals decision regarding due process and proper inclusion within the INA. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new U.S. Court of Appeals decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 14 | 57-59 | | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 57-59, titled "Broadcast Message: Implementing Matter of Cruz-Valdez, 28 I&N Dec. 326 (A.G. 2021)" dated Thursday, July 22, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 57 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 59. Bates page 59 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If there are any legal questions about this guidance, please do not hesitate to reach out to ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) that could implicate administrative closure authority. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 15 | 60-62 | | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 60-62, titled "Broadcast Message: Implementing Matter of 0-F-A-5-, 27 I&N Dec. 709 (BIA 2019)" dated Tuesday, May 12, 2020, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 60 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 62. Bates page 62 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) regarding the Convention Against Torture (CAT). The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 16 | 63-64 | | **Description of the Records:** A 2-page e-mail Broadcast Message, located on bates pages 63-64, titled "Broadcast Message: Implementing Matter of Reyes, 28 I&N Dec. 52 (A.G. July 30, 2020)" dated Monday, October 5, 2020, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 63 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 64. Bates page 64 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about this guidance, you may contact ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding removability and convictions. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 17 | 65-69 | | **Description of the Records:** A 5-page e-mail Broadcast Message, located on bates pages 65-69, titled "Broadcast Message: Implementing Matter of Thomas and Thompson, 27 I&N Dec. 674 (A.G. 2019)" dated Tuesday, December 31, 2019, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 65 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 69. Bates page 68 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about Matter a/Thomas and Thompson or any of the guidance provided herein, please do not hesitate to contact ILPD (ILPD-E or ILPD-W) or FLO, as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney-work product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding sentencing and convictions. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 18 | 70-71 | | **Description of the Records:** A 2-page e-mail Broadcast Message, located on bates pages 70-71, titled "Broadcast Message: Implementing Ramos v. Louisiana, 140 S. Ct. 1390 (2020)" dated Thursday, June 11, 2020, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 70 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 71. Bates page 71 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about this guidance or about Ramos, please do not hesitate to contact ILPD (ILPD-E or ILPD-W), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision regarding the Sixth Amendment and convictions. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 19 | 72, 124, 125 | | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 72, 124, and 125, titled "Broadcast Message: Saravia Settlement Agreement" dated Thursday, January 21, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 72 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 125. Bates page 124 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. For questions regarding the terms of the settlement agreement please contact EROLD at [REDACTED]@ice.dhs.gov." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding Saravia class members and noncitizen minors. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new U.S. District Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 20 | 126-129 | | **Description of the Records:** A 4-page e-mail Broadcast Message, located on bates pages 126-129, titled "CORRECTED Broadcast Message: Implementing Matter of Castillo-Perez, 27 I&N Dec. 664 (A.G. 2019)" dated Tuesday, December 31, 2019, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 126 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 129. Bates page 128 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about continuances, Matter of Castillo-Perez, or any of the guidance provided herein, please do not hesitate to contact ILPD (ILPD-E or ILPD-W) or FLO, as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding DUI convictions and moral character. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 21 | 129-132 | | **Description of the Records:** A 4-page e-mail Broadcast Message, located on bates pages 129-132, titled "Broadcast Message: Implementing Matter of Castillo-Perez, 27 I&N Dec. 664 (A.G. 2019)" dated Tuesday, December 31, 2019, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 129 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 132. Bates page 131 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about continuances, Matter of Castillo-Perez, or any of the guidance provided herein, please do not hesitate to contact ILPD (ILPD-E or ILPD-W) or FLO, as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding moral character. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 22 | 133 | | **Description of the Records:** A 1-page e-mail Broadcast Message, located on bates page 133, titled "Foreign Fugitive Portfolio - INTERPOL Transition" dated Monday, March 4, 2019. Bates page 133 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country. The information being withheld under FOIA Exemption (b)(7)(E) contains law enforcement sensitive (LES) information regarding INTERPOL Notices and the LES processes and procedures related to these LES Notices.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy involving INTERPOL Notices. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how to use and verify INTERPOL Notices in removal proceedings. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks.<br><br>**FOIA Exemption (b)(7)(E):** FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques, procedures, or guidance, the disclosure of which could reasonably be expected to risk circumvention of the law. Disclosure of law enforcement sensitive techniques and procedures related to Interpol Notices could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE or other law enforcement agencies, during criminal and enforcement operations. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(7)(E) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 23 | 429-432 |  | **Description of the Records:** A 4-page e-mail Broadcast Message, located on bates pages 429-432, titled "Guidance (Ninth Circuit): Impact of Jennings v. Rodriguez, 138 S. Ct. 830 (2018), on Casas-Castrillon v. Dep"t of Homeland Sec., 535 F.3d 942 (9th Cir. 2008), and Diouf v. Napolitano ("Diouf II"), 634 F.3d 1-81 (9th Cir. 2011)" dated Monday, April 13, 2018. Bates page 432 states "We will provide additional updated guidance as it becomes necessary and appropriate. In the meantime, if you have questions about Jennings v. Rodriguez, any of the above practice pointers or guidance, or about other custody issues, please contact DCLD (REDACTED@ice.dhs.gov), EROLD (REDACTED@ice.dhs.gov), or ILPD (REDACTED@ice.dhs.gov), as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision regarding Jennings v. Rodriguez, custody and detention. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to associate attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 24 | 433-435 | Partial | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 433-435, titled "Guidance on Redacting the Form I-213" dated Monday, September 16, 2019. Bates page 433 states "FLO, together with ILPD and GILD, prepared the attached guidance detailing the appropriate redactions on the I-213. Effective immediately, please ensure that your practice is consistent with this guidance" and "If you have any questions, please discuss with your management team." The Broadcast Message is from an OPLA Deputy Principal Legal Advisor to all OPLA attorneys. The information withheld pursuant to FOIA Exemption (b)(7)(E) on bates pages 434 and 435 was inadvertently marked (b)(7)(E) and should have been marked (b)(5). As such, ICE is not asserting FOIA Exemption (b)(7)(E) on bates pages 434 and 435.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy involving the Form I-213 and what information should be redacted on those Forms. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome challenges involving information contained on the Form I-213. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 25 | 436-437 | Partial | **Description of the Records:** A 2-page e-mail Broadcast Message, located on bates pages 436-437, titled "Implementation of the Modified Nationwide Preliminary Injunction in Padilla v. ICE, No. 18-928, 2019 WL 2766720 (W.D. Wash. July 2, 2019)" dated Tuesday, July 23, 2019, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONL Y***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 436 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 437. Bates page 437 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding burden of proof and bond hearings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new U.S. District Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 26 | 437-439 | Partial | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 437-439, titled "Implementing Matter of M-S-, 27 I&N Dec. 509 (A.G. 2019)" dated Monday, July 15, 2019, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 437 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 439. Bates page 439 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding parole. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 27 | 442-445 | Partial | **Description of the Records:** A 4-page e-mail Broadcast Message, located on bates pages 442-445, titled "Matter of L-A-B-R-, 27 I&N Dec. 405 (A.G. 2018)" dated Friday, August 24, 2018, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 442 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 445. Bates page 445 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about continuances, Matter of L-A-B-R-, or any of the guidance provided herein, please do not hesitate to contact ILPD (ILPD-E or ILPD-W) or FLO, as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding the "good cause" standard. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 28 | 501-505 | Partial | **Description of the Records:** A 5-page e-mail Broadcast Message, located on bates pages 501-505, titled "Operation Horizon" dated Tuesday, November 16, 2021. Bates page 505 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." and "Legal questions about this guidance should be directed to ILPD (ILPD-E or ILPD-W), as appropriate. Questions regarding implementation of the program should be directed to OPLA FLO." The Broadcast Message is from the OPLA Principal Legal Advisor to all OPLA attorneys. ICE is no longer asserting FOIA Exemption (b)(7)(E) on bates page 501.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from the Principal Legal Advisor to Office of the Principal Legal Advisor attorneys regarding litigation strategy involving Operation Horizon and Notices to Report. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome challenges involving Operation Horizon and Notices to Report. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 29 | 568-570 | Partial | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 568-570, titled "Sessions v. Dimaya, 138 S. Ct. 1204 (2018)" dated Thursday, May 3, 2018. Bates page 569 states "In light of Dimaya, OPLA attorneys should consider the following practice pointers:" and bates page 570 states "If you have questions about Dimaya or any of the above practice pointers, please feel free to contact ILPD [REDACTED]@ice.dhs.gov or [REDACTED]@ice.dhs.gov]." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent Supreme Court decision regarding crimes of violence. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Supreme Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 30 | 574-585 | Partial | **Description of the Records:** A 14-page OPLA "Practice Pointers" case summary, located on bates pages 574-585, titled "Matter of L-E-A-, 27 I&N Dec. 40 (BIA 2017) [Summary and Practice Pointers]" created on July 17, 2017. Bates page 582 states "Yes, we DO realize that this guidance is almost as long as the L-E-A- decision itself, and, in fact, with this post-script, it is, in fact, now just as long, but we nevertheless hope you find it useful! Should you have any questions about Matter of L-E-A-, or protection law issues more generally, please do not hesitate to reach out to ILPD, via the ILPD-E or ILPD-W mailboxes." The Practice Pointers case summary was drafted by an Associate Legal Advisor with the OPLA Immigration Law and Practice Division (ILPD) and sent to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Practice Pointers case summary contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Practice Pointers message from the OPLA Immigration Law and Practice Division (ILPD) to all OPLA attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) regarding asylum and persecution. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 31 | 586-596 | Partial | **Description of the Records:** A 11-page OPLA "Practice Pointers" case summary, located on bates pages 586-596, titled "Matter of Negusie, 28 I&N Dec. 120 (A.G. 2020) [Summary and Practice Pointers]" created on December 16, 2021. The Practice Pointers case summary was drafted by an Associate Legal Advisor with the OPLA Immigration Law and Practice Division (ILPD)and sent to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Practice Pointers case summary contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from the OPLA Immigration Law and Practice Division (ILPD) to all OPLA attorneys regarding litigation strategy in light of recent Attorney General decision(s) regarding asylum, removal, and persecution. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Attorney General decision(s).The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 32 | 597-599 | Partial | **Description of the Records:** A 3-page OPLA "Practice Pointers" case summary, located on bates pages 597-599, titled "Matter of W-Y-U-, 27 I&N Dec. 17 (BIA Apr. 18, 2017) [Summary and Practice Pointers]" created on May 16, 2017. Bates page 599 states "Should you have any questions regarding this decision and its application, please do not hesitate to contact us via the ILPD-E or ILPD-W email boxes." The Practice Pointers case summary was drafted by an Associate Legal Advisor with the OPLA Immigration Law and Practice Division (ILPD) and sent to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Practice Pointers case summary contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from the OPLA Immigration Law and Practice Division (ILPD) to all OPLA attorneys regarding litigation strategy in light of recent Board of Immigration Appeals (Board) decision(s) regarding administrative closures. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new Board decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 33 | 600-601 | Partial | **Description of the Records:** A 2-page e-mail Broadcast Message, located on bates pages 600-601, titled "UPDATED Broadcast Message: Liberian Refugee Immigration Fairness" dated Tuesday, January 5, 2021, that contains the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" at the top of bates page 601. Bates page 600 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent law and guidance regarding Liberian Refugees. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving Liberian Refugees. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 34 | 601-604 | Partial | **Description of the Records:** A 4-page e-mail Broadcast Message, located on bates pages 601-604, titled "Broadcast Message: Liberian Refugee Immigration Fairness" dated Friday, February 14, 2020, that contains the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" at the bottom of bates page 604. Bates page 604 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance. If you have questions about the implementation of LRIF or any of the guidance provided herein, please do not hesitate to contact ILPD (ILPD-E or ILPD-W), FLO, or EROLD as appropriate." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of recent law and guidance regarding Liberian Refugees. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving Liberian Refugees. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 35 | 605-609 | Partial | **Description of the Records:** A 5-page e-mail Broadcast Message, located on bates pages 605-609, titled "UPDATED Broadcast Message: Procedures on the Handling of Joint Motions for a Continuance or Administrative Closure for Ms. L Class Members, Potential Class Members, and Their Children" dated Wednesday, September 22, 2021, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 605 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 609. Bates page 608 states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys. ICE is no longer asserting FOIA Exemption (b)(7)(E) on bates page 607. The information withheld under FOIA Exemption (b)(7)(E) on bates page 606 contains a screen shot of the ICE database PLAnet, along with 4 steps on how to use the system.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country. The information being withheld under FOIA Exemption (b)(7)(E) on bates page 606, contains screenshots of the ICE OPLA PLAnet database, and instructions for OPLA attorneys on how to use the system.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding reunification of separated families. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new U.S. District Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks.<br><br>FOIA Exemption (b)(7)(E): The release of information such as agency internal database screenshots and instructions related to the ICE OPLA internal database, such as its internal structure or how to move around in the system, could reasonably be expected to allow a person to breach into sensitive law enforcement systems. As an initial matter, the information contained in these records was compiled for a law enforcement purpose, to assist in the conduct of removal proceedings before EOIR. The PLAnet database to is a case management system used primarily by OPLA attorneys to manage their immigration cases. The basic function of the system is to provide attorneys with comprehensive information on cases being litigated under the Immigration and Nationality Act in immigration and federal court. The disclosure of this information could aid unauthorized parties in gaining improper access to law enforcement databases and systems and assist in the unauthorized party's navigation of those law enforcement databases and systems. Knowing the database structure, how to navigate the system, or internal paths, could reveal sensitive information that would allow a hacker to access or manipulate the agency's database or systems. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers or OPLA attorneys access and navigate databases are law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(7)(E) |

*ACLUM v. ICE*
1:22-cv-10407-PBS

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 36 | 611-613 | Partial | **Description of the Records:** A 3-page e-mail Broadcast Message, located on bates pages 611-613, titled "Broadcast Message: Settlement Agreement Impacting Aliens Who Did Not Receive Individualized Notice of the One-Year Deadline to File an Asylum Application - Mendez Rojas v. Johnson, No. 16-1024 (W.D. Wash. filed June 30, 2016)" dated Friday, November 6, 2020, that contains the header "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 611 and the footer "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" on bates page 613. Bates page 613 also states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." The Broadcast Message is from two (2) OPLA Deputy Principal Legal Advisors to all OPLA attorneys.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the Broadcast Message contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney-work product contained within a Broadcast Message from two Deputy Principal Legal Advisors to Office of the Principal Legal Advisor attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding Asylum and Credible Fear. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from new U.S. District Court decision(s). The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 37 | 614-616 | Partial | **Description of the Records:** A 3-page e-mail, located on bates pages 614-616, titled "IHP NTA Review" dated Thursday, December 31, 2020. The internal OPLA-Boston email is from the OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys. The email, from a supervisor attorney to all other attorneys in the Boston Office, contains guidance regarding how to review and prepare Institutional Hearing Program cases.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the email contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message from a supervisory attorney to OPLA Boston attorneys regarding litigation strategy involving the Institutional Hearing Program. The information withheld contained guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 38 | 619-621 | Partial | **Description of the Records:** A 3-page e-mail, located on bates pages 619-621, titled "Brito Decision Issued - Burden of Proof in 235(a) bond hearings on DHS effective December 13, 2019" dated Monday, December 2, 2019. The internal OPLA-Boston email is from an OPLA Boston Assistant Chief Counsel to all OPLA Boston attorneys. The email, from an attorney to all other attorneys in the Boston Office, contains guidance, strategy, and analysis regarding the burden of proof in bond hearings.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the email contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within an email from an OPLA Boston Assistant Chief Counsel to all OPLA Boston attorneys regarding litigation strategy in light of a recent class action lawsuit regarding the burden of proof in bond hearings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including thoughts and guidance on how agency attorneys should proceed regarding a recent decision issued in a class action lawsuit. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 39 | 674-675 | Partial | **Description of the Records:** A 2-page e-mail, located on bates pages 674-675, titled "GBLS Decision on Motion to Dismiss and Guidance on Disclosure of Documents" dated Tuesday, January 25, 2022. The internal OPLA-Boston email is from the OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys. The email, from a supervisor attorney to all other attorneys in the Boston Office, contains guidance, strategy, and analysis regarding responding to requests for documents from A-files.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the email contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within an email from an OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding the production of records in immigration proceedings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from the new U.S. District Court litigation. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 40 | 676 | Partial | **Description of the Records:** A 1-page e-mail, located on bates page 676, titled "Responding to Requests for Documents from Respondents in Removal Proceedings" dated Tuesday, January 8, 2013. The internal OPLA email is from the OPLA Director of Field Legal Operations (FLO) to all OPLA attorneys. The email, from a supervisor attorney to all other attorneys, contains guidance, strategy, and analysis regarding responding to requests for documents from respondents in removal proceedings.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the email contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within an email from an OPLA Director to all OPLA Boston attorneys regarding litigation strategy in light of a recent U.S. District Court decision regarding the production of records in immigration proceedings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges resulting from the new U.S. District Court litigation. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 41 | 696-698 | Partial | **Description of the Records:** A 3-page Standard Operation Procedures (SOP), located on bates pages 696-698, titled "OPLA Boston Dedicated Docket Standard Operating Procedures (1.0)" dated December 8, 2021. The internal OPLA-Boston SOP was transmitted via email from the OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys. The email and accompanying SOP, from a supervisor attorney to all other attorneys in the Boston Office, contains guidance regarding dedicated dockets in the OPLA Boston AOR. More specifically, the SOP instructs, advises, and guides OPLA Boston attorneys on the Filing of Notices to Appear, Processing of Alien Files, How to Identify Cases, How to Prepare Cases, How to File Motions, and General Considerations for Litigating Dedicated Docket Cases. On bates page 697, below the text "2. Identifying Cases in PLAnet as Dedicated Docket Cases" ICE is also asserting FOIA Exemption (b)(7)(E) because that paragraph contains an operation code that is used in the PLAnet database.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the SOP contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country. The information withheld pursuant to FOIA Exemption (b)(7)(E) contains an internal OPLA database law enforcement sensitive database code.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message and SOP document from an OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys regarding the dedicated docket in immigration proceedings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving the dedicated docket. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks.<br><br>FOIA Exemption (b)(7)(E): The release of information such as agency internal database codes could reasonably be expected to allow a person to breach into sensitive law enforcement systems. As an initial matter, the information contained in these records was compiled for a law enforcement purpose, to assist in the conduct of removal proceedings before EOIR. The PLAnet database is a case management system used primarily by OPLA attorneys to manage their immigration cases. The basic function of the system is to provide attorneys with comprehensive information on cases being litigated under the Immigration and Nationality Act in immigration and federal court. The disclosure of this information could aid unauthorized parties in gaining improper access to law enforcement databases and systems and assist in the unauthorized party's navigation of those law enforcement databases and systems. Knowing the database structure, how to navigate the system, or internal paths, could reveal sensitive information that would allow a hacker to access or manipulate the agency's database or systems. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers or OPLA attorneys access and navigate databases are law enforcement techniques and procedures that are not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(7)(E) |

| Entry Number | Bates Stamp Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|---|
| 42 | 725-729 | Partial | **Description of the Records:** A 5-page Standard Operation Procedures (SOP), located on bates pages 725-729, titled "OPLA Boston Dedicated Docket Standard Operating Procedures (1.1)" dated December 16, 2021. The internal OPLA-Boston SOP was transmitted via email from the OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys. The email and accompanying SOP, from a supervisor attorney to all other attorneys in the Boston Office, instructs, advises, and guides OPLA Boston attorneys on the Filing of Notices to Appear, Processing of Alien Files, How to Identify Cases, How to Prepare Cases, How to File Motions, and General Considerations for Litigating Dedicated Docket Cases.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the SOP contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message and SOP document from an OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys regarding the dedicated docket in immigration proceedings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving the dedicated docket. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 43 | 746-754 | Partial | **Description of the Records:** A 9-page Standard Operation Procedures (SOP), located on bates pages 746-754, titled "OPLA Boston Standard Operating Procedures Implementing Principal Legal Advisor Trasvina's Interim Guidance to OPLA Attorneys Regarding Civil Immigration Enforcement and Removal Policies and Priorities (December 8, 2021)" dated December 8, 2021. The internal OPLA-Boston SOP was transmitted via email from the OPLA Boston Chief Counsel to all OPLA Boston attorneys. The email and accompanying SOP, from a supervisor attorney to all other attorneys in the Boston Office, contains guidance, strategy, and analysis regarding Civil Immigration Enforcement and Removal Policies and Priorities. Each page contains a header that states "***PRIVILEGED*** ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA ***" and each page has a footer that states "This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance." More specifically, the SOP instructs, advises, and guides OPLA Boston attorneys on Civil Immigration Enforcement, Removal Priorities, and How to Handle Prosecutorial Discretion Requests.<br><br>**Description of Redactions:** The information being withheld contains attorney work-product that was shared between government attorneys, which is subject to Exemption (b)(5). The purpose of this FOIA Exemption is to protect documents prepared by an attorney in contemplation of or during litigation. The information withheld pursuant to FOIA Exemption (b)(5) in the SOP contains attorney work-product and relates to on-going and active litigation(s), specifically immigration proceedings across the country.<br><br>**Reasons for Redactions:** ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message and SOP document from an OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys regarding the dedicated docket in immigration proceedings. The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving the dedicated docket. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records would also inhibit the candid discussion of issues between employees, which would, in turn, hinder the ability of the OPLA attorneys to be fully informed about such issues as well as hinder their ability to assess any future litigation risks. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |