**EXHIBIT 1**

(b)(6), (b)(7)c

**From:**
**Sent:** (b)(6), (b)(7)c
Tuesday, January 08, 2013 5:54 PM
**To:** OPLA Chief Counsels; OPLA Deputy Chief Counsels; OPLA HQ Deputy Division Chiefs; OPLA HQ Division Chiefs; OPLA HQ Personnel; OPLA Field Personnel
**Subject:** Responding to Requests for Documents from Respondents in Removal Proceedings

*Disseminated at the Request of Jim Stolley...*

Chief Counsel—

Since the Ninth Circuit's decision in *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010), the Office of the Principal Legal Advisor (OPLA) has reviewed its policies on what non-confidential documents should be made available to respondents in removal proceedings, and how those documents should be released. Although the *Dent* decision turns on an interpretation of section 240(c)(2)(B) of the Immigration and Nationality Act (INA), and hence applies in a relatively narrow range of cases, OPLA policy is to be reasonable in releasing documents requested by respondents. *Cf.* INA § 240(b)(4) (aliens in removal proceedings are to be afforded "a reasonable opportunity to examine the evidence against the[m]."); 8 C.F.R. § 1003.31(c) (allowing immigration judges to set and extend filing deadlines); Executive Office for Immigration Review, Immigration Court Practice Manual, Chapter 3.2(d) (April 1, 2008), *available at* http://www.justice.gov/eoir/vll/OCIJPracManual/Chap%203.pdf (requiring service upon opposing party to be made in a way "calculated to allow the other party sufficient opportunity to act upon or respond").

By law, every respondent in removal proceedings is provided with a copy of the charging document. If requested by the respondent, OPLA attorneys should generally also provide the respondent with a copy of the Record of Deportable or Inadmissible Alien (Form I-213); a copy of any applications for benefit or relief; a copy of the respondent's visa or other entry document, if such is present in the A-file; and, if applicable, a copy of conviction records that relate to offenses implicating grounds of removability or inadmissibility. Should OPLA attorneys receive requests for other documents, they should be reasonable in accommodating such requests on a case-by-case basis. If an OPLA attorney has concerns about whether a document may be released in its entirety, he or she should consult a supervisor.

In those cases where the respondent requests the entire A-file, makes repeated requests for confidential documents or documents not contained in the A-file, or is unsatisfied with the documents produced, and if time is not of the essence, OPLA attorneys may inform the respondent that a request under the Freedom of Information Act (FOIA) is the appropriate recourse. Further, if the respondent is not detained, it may be appropriate for the OPLA attorney to agree to a continuance to allow time for the processing of a FOIA request. When documents are provided to respondents at their request, please ensure that this has been appropriately noted (including whether any redactions to documents were made), in the event a future need arises to determine precisely what information a particular respondent has received.

Thank you.

Jim Stolley
Director, Field Legal Operations
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

**Annotation: The text outlined in RED is redacted pursuant to Exemption 5 in the present production**