**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.,<br><br>　　　　　Plaintiff,<br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br><br>　　　　　Defendant. | Civil Action No. 1:22-cv-10407-PBS |

**<u>SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO</u>**

## I.　INTRODUCTION

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.　　I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act Office (the "ICE FOIA Office"). The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2.      As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3.      This declaration supplements and incorporates by reference my previous declaration dated November 17, 2022, styled "Declaration of Fernando Pineiro."

4.      The statements contained in this supplemental declaration, and in my November 17, 2022 declaration, are based on my personal knowledge, my review of relevant documents kept by ICE in the course of ordinary business, and upon information provided to me by other ICE employees in the course of my official duties.

5.      In my previous declaration, paragraphs 11, 14, and 15, contained a typographical error.  These paragraphs stated that there were "43 documents" but this should have said 42 documents.

6.      In the *Vaughn* Index that was provided to the Court previously, Entry 43 contained a typographical error.

7.      Entry 43 stated:

> "ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message and SOP document from an OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys regarding the dedicated docket in immigration proceedings.  The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving the dedicated docket. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records also would inhibit

the candid discussion of issues between employees, which would hinder the ability of the OPLA attorneys to be fully informed about such issues, as well as to assess any future litigation risks."

8.    Entry 43 is hereby corrected to state:

"ICE applied Exemption (b)(5) to protect attorney work-product contained within a broadcast message and SOP document from an OPLA Boston Deputy Chief Counsel to all OPLA Boston attorneys regarding Implementing Principal Legal Advisor Trasvina's Interim Guidance to OPLA Attorneys Regarding Civil Immigration Enforcement and Removal Policies and Priorities and Secretary Alejandro Mayorkas's memorandum entitled, Guidelines for the Enforcement of Civil Immigration Law (Mayorkas Memorandum), dated September 30, 2021.  The information withheld contained the thoughts, opinions, and impressions of agency counsel, including guidance from senior attorneys to line attorneys regarding litigation strategy in immigration court; and thoughts and guidance on how agency attorneys can overcome recent challenges involving the Civil Immigration Enforcement and Removal Policies and Priorities. The identifiable and foreseeable harm in disclosing this information would be its chilling effect on the ability of agency attorneys to effectively communicate with each other regarding how to prepare to represent the agency in litigation. Further, disclosure of these records also would inhibit the candid discussion of issues between employees, which would hinder the ability of the OPLA attorneys to be fully informed about such issues, as well as to assess any future litigation risks."

9.    With respect to Ex. 1 to the Swaminathan Declaration, the ICE FOIA Office conducted a search of FOIA requests submitted by a Betsy Ginsberg of the Immigration Justice Clinic at Benjamin N. Cardozo School of Law, and was not able to identify the record as produced to a Betsy Ginsberg. This record could have been produced through civil discovery, or an inadvertent release, not necessarily through the FOIA. When produced through other means, the applicable exemptions can differ. Even if produced through the FOIA, it could have been a release that inadvertently missed applicable withholdings. Upon my review, the information withheld on this document, with bates stamp 2022-ICLI-00032 676, is attorney work-product, which is properly withheld under FOIA Exemption (b)(5). However, because another version was released without any redactions, regardless of how the Plaintiff obtained it, ICE is

discretionarily no longer asserting FOIA Exemption (B)(5) on this document and reproduced a

version without the contested FOIA Exemption (B)(5) redactions to Plaintiff on January 11,

2023.

**JURAT CLAUSE**

I declare under penalty of perjury under the laws of the United States of America that the

forgoing is true and correct to the best of my knowledge and belief.

Signed this 11th day of January, 2023.

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2023.01.11 14:36:28 -05'00'

Fernando Pineiro, FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009